IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN ALBERTO SILVA MARTINEZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COURT OF COMMON PLEAS CHESTER COUNTY, et al. | : | NO. 02-3261 |

REPORT AND RECOMMENDATION

DIANE M. WELSH
UNITED STATES MAGISTRATE JUDGE November , 2002

Presently before the court is a pro se petition for a writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254. On April 21, 1999, the petitioner pled guilty in the Court of Common Pleas for Chester County to five charges of robbery, one charge of aggravated assault, two charges of burglary and two charges of criminal conspiracy. He was given aggregate sentences of eleven to twenty-two years to be followed by eight years of probation. He is presently serving those sentences in a state correctional institution.

The petitioner raises the following claims in his petition. First, that his guilty plea was involuntary because he was not fully informed of all the charges to which he was pleading guilty. Petition at p. 9. Second, that trial counsel was ineffective because he did not inform the petitioner of the sentence that would be imposed if he pled guilty. Id. at pp. 9-10. Third, that he was denied the right to appeal. Id. at p. 10.

The District Attorney for Chester County has filed an answer to the habeas

petition. In the answer, the District Attorney argues that the habeas petition is time-barred. He also argues that the petitioner's claims are procedurally defaulted. As will be explained, the court agrees that the petition is time-barred and will recommend dismissing the habeas petition.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted and it imposes a one year period of limitations on habeas corpus petitions. The time period begins to run on the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The statute also provides that "[t]he time that a properly filed application for state post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). The Third Circuit has explained that a properly filed application for state collateral relief is a "one submitted according to the state's procedural requirements, such as rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998).

In this case, the petitioner pled guilty and was sentenced on April 21, 1999. The

next day, the petitioner filed a pro se motion to withdraw his guilty plea. New counsel was appointed and a hearing was held on May 13, 1999. At that hearing, the petitioner withdrew his motion to withdraw his guilty plea. (N.T. 5/13/99 at pp. 2-4). The state record before the court indicates that the petitioner did not then pursue a direct appeal, nor file a petition for collateral relief under Pennsylvania's Post Conviction Relief Act, ("PCRA"), 42 Pa. C.S.A. § 9541 et seq.

Under state law, the petitioner had until May 21, 1999 to file a direct appeal in the Superior Court of Pennsylvania. See Pennsylvania Rule of Appellate Procedure 903(a). The record before the court indicates that he did not do so, therefore, his conviction became final under 28 U.S.C. § 2244(d)(1)(A) on May 21, 1999. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001). Unless the petitioner can demonstrate that one of the alternative starting dates for the habeas period of limitations applies, see 28 U.S.C. § 2244(d)(1)(B)-(D), the habeas period of limitations started to run on May 21, 1999 and expired one year later on May 21, 2000.

The petitioner does not contend that any state action in violation of the federal constitution occurred after May 21, 1999 and prevented him from filing his habeas petition sooner that he actually did. Thus, 28 U.S.C. § 2244(d)(1)(B) does not call for a starting date for the habeas period of limitations after May 21, 1999. The petitioner does not rely upon a new constitutional right which the Supreme Court initially recognized after May 21, 1999 and which the Supreme Court made retroactively applicable to cases on collateral review. Thus, 28 U.S.C. § 2244(d)(1)(C) does not call for a starting date for the habeas period of limitations after May 21, 1999. Finally, the petitioner does not raise a claim containing a factual predicate which, through the

exercise of due diligence, he could only have discovered after May 21, 1999. Thus, 28 U.S.C. § 2244(d)(1)(D) does not call for a starting date for the habeas period of limitations after May 21, 1999.

Since none of the alternative starting dates for the habeas period of limitations apply, the date his conviction became final is the starting date. The habeas period of limitations began to run on May 21, 1999. The petitioner did not file a PCRA petition at any time thereafter and so the habeas period of limitations expired on May 21, 2000. The petitioner did not file his habeas petition until April 11, 2002.[1] This means that the habeas petition was untimely and should be dismissed as time-barred.

My recommendation follows.

---

[1]The habeas petition was originally filed in the United States District Court for the Western District of Pennsylvania. The docket from that court indicates that the habeas petition (which the petitioner did not date) was filed on April 11, 2002. On May 22, 2002, the United States District Court for the Western District of Pennsylvania transferred the habeas petition to this court pursuant to 28 U.S.C. § 2241(d). On June 3, 2002, this court provided the petitioner with the form of petition used in this district and he submitted the petition on June 14, 2002. The claims contained on the June 14 petition are the ones referred to in the body of this opinion.

RECOMMENDATION

AND NOW, this day of November, 2002, for the reasons contained in the preceding Report, it is hereby RECOMMENDED that the petition for a writ of habeas corpus be DISMISSED as time-barred. It is also RECOMMENDED that a certificate of appealability not be granted

________________________________________
DIANE M. WELSH
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN ALBERTO SILVA MARTINEZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COURT OF COMMON PLEAS CHESTER COUNTY, et al. | : | NO. 02-3261 |

O R D E R

AND NOW, this day of , 2002, after careful and independent consideration of the petition for a writ of habeas corpus, the answer thereto and after review of the Report and Recommendation of Diane M. Welsh, United States Magistrate Judge, it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED;

2. The petition for a writ of habeas corpus is DISMISSED as time-barred; and

3. A certificate of appealability is not granted.

BY THE COURT:

______________________________
PADOVA, J.